FILED

2015 Apr-16  AM 08:04
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL NATIONAL** | ) | |
| **MORTGAGE ASSOCIATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action Number |
| **vs.** | ) | **5:14-cv-01333-AKK** |
| | ) | |
| **RLG PROPERTIES VENTURE** | ) | |
| **CORP, et al.,** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM OPINION AND ORDER

Federal National Mortgage Association ("Fannie Mae") has invoked the

court's jurisdiction pursuant to 28 U.S.C. § 1332(a) and is pursuing this action

against RLG Properties Venture Corp and Ronnie Gordon to enforce a promissory

note and guaranty, and to recover a deficiency remaining after a real estate

foreclosure. Fannie Mae contends that RLG defaulted on the note and that RLG

and Gordon, as guarantor of the note, are liable for the outstanding balance and

attorney's fees. *See* doc. 1 at 4. For the reasons stated below, Fannie Mae's motion

for summary judgment, doc. 15, is due to be granted.

# I. FACTUAL BACKGROUND

RLG executed a promissory note in favor of Royal Bank of Canada ("RBC") in the amount of $702,000.00, which RBC later assigned to Fannie Mae. Docs. 16-1 ¶ 2; 16-2. Gordon also executed a guaranty under which he promised to pay the note holder all sums due under the note and "[a]ll costs and expenses, including reasonable fees and out of pocket expenses of attorneys . . . in enforcing its rights under this Guaranty." Docs. 16-1; 16-3 at 1-2. After RLG defaulted, Fannie Mae accelerated the loan and demanded payment. Docs. 16-1 at ¶ 4; 16-4. When RLG failed to pay, Fannie Mae informed RLG and Gordon that it intended to foreclose on the mortgage that secured the note, and published a notice of foreclosure in *The Huntsville Times.* Docs. 16-1 at ¶ 5; 16-5; 16-6. Thereafter, Fannie Mae foreclosed on the mortgage, and bought the property with a credit bid of $518,000, which was $158,193.18 less than the amount owed on the note as of November 18, 2013. Docs. 16-1 at ¶ 6, 8; 16-7. Fannie Mae now seeks to recover from RLG and Gordon $176,238.18 due under the note[1] and $21,178.82 in attorney's fees and expenses it incurred on the foreclosure. Docs. 16-1 ¶¶ 7-8; 16-8; 16-9.

---

[1] James Noakes, a Senior Asset Manager at Fannie May, testified by affidavit that the $176,238.18 due under the note reflects:

## II. ANALYSIS

The court has for its consideration Fannie Mae's motion in which it contends that it is due summary judgment against RLG for breach of contract, doc. 14 at 5, and against Gordon on the guaranty, *id.* at 6. [2] Although RLG and Gordon do not

| | |
|---|---|
| Outstanding Principal Balance: | $ 660,895.23 |
| PLUS: | |
| Scheduled Interest: 6.410% | $  12,944.37 |
| Default Interest: 4.00% | $   5,801.20 |
| PNA (Physical Needs Assessment): | $   3,700.00 |
| BOV (Brokers Opinion of Value): | $    1,500.00 |
| Subtotal: | $ 684,840.80 |
| LESS: | |
| Escrowed Funds Swept to Fannie Mae: | $   8,647.62 |
| Payoff as of November 18, 2013: | $ 676,193.18 |
| (exclusive of attorneys fees and costs) | |
| LESS:  Credit Bid | $ 518,000.00 |
| DEFICIENCY as of November 18, 2013: | $ 158,193.18 |
| PLUS: | |
| Accrued Interest through November 25, 2014 ($48.12 per diem): | $  18,045.00 |
| PAYOFF as of November 25, 2014: | $ 176,238.18 |

Doc. 16-1 at 4-5.

[2] Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any

consent to the entry of summary judgment, they concede that there is no issue of material fact and that Fannie Mae is entitled to judgment as a matter of law. *See* doc. 20 at 2. In light of Defendants' concessions, and Fannie Mae's submission of the note and an affidavit evidencing RLG's failure to make payments, the court finds that RLG has defaulted on the note and that Fannie Mae is entitled to summary judgment. *Wells Fargo Bank, N.A. v. Vergos*, No. 11-00439-CB-N, 2012 WL 206169, at *2 (S.D. Ala. Jan 24, 2012) ("Alabama law provides that the proffer of a copy of the note and affidavit testimony as to the amounts due under the note, as well as the defendant's failure to make the required payments, is sufficient to establish a plaintiff's case to recover a note."). Therefore, consistent with the terms of the note, Fannie Mae is entitled to "the entire unpaid principle balance of [the note] outstanding at the time of acceleration, . . . all accrued interest and other sums due to the Lender under [the note] and other loan documents, and . . . . the prepayment premium calculated pursuant to Schedule A[,]" as well as "fees and out-of-pocket expenses of attorneys . . . incurred by [Fannie Mae] as a result of any default under this Note . . ." Doc. 16-2 at 6-7.

---

material fact and the movant is entitled to judgment as a matter of law." *See also Gerling Global Reinsurance Corp. of Am. v. Gallagher*, 267 F.3d 1228, 1233 (11th Cir. 2001). Where, as here, the motion is based on the terms of contractual agreements, the court notes that "if an instrument is unambiguous, its construction and effect are questions of law which may be decided by summary judgment." *See Smith v. Citicorp Person-To-Person Financial Centers*, 477 So. 2d 308, 310-11 (Ala. 1985) (citing *Warrior Drilling and Engineering Co.*, v. *King*, 446 So. 2d 31(Ala. 1984)).

With respect to the guaranty, "'[e]very suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty.'" *Sharer v. Bend Millwork Sys., Inc.*, 600 So. 2d 223, 225-26 (Ala. 1992) (quoting *Delro Indus., Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987)). "[A] guarantor is bound only to the extent and in the manner stated in the contract of guaranty." *Pate v. Merchants Nat. Bank of Mobile*, 428 So. 2d 37, 39 (Ala. 1983) (quoting *Furst v. Shows*, 110 So. 299, 302 (Ala. 1926)). Fannie Mae has submitted the guaranty agreement wherein Gordon promised to pay RLG's obligations, including attorney's fees and other costs incurred by Fannie Mae in enforcing its rights under the guaranty. Doc. 16-3 at 2. Consequently, the court finds that Fannie Mae is entitled to summary judgment against Gordon as guarantor of RLG's promissory note, and that Gordon is liable for the amount due on the note, as well as reasonable attorney's fees and costs.

### III. Conclusion

For the reasons stated above, Fannie Mae's summary judgment motion is **GRANTED**. Accordingly, Fannie Mae is **DIRECTED** to submit by April 24, 2015 an updated accounting of damages, including attorney's fees and expenses, if any, it has incurred since December 10, 2014 related to this matter. RLG and Gordon's response to the updated damages, if any, is due by April 28, 2015.

**DONE** the 15th day of April, 2015.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE